UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DENNIS GREEN,                       )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CV424-125
                                    )
CRYSTAL DENISE HARMON,              )
*et al.*,                           )
                                    )
        Defendants.                 )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Dennis Green has filed this case alleging that Garden City Municipal Court Judge Crystal Denise Harmon violated his and his wife, Valma Green's, rights when she held them in contempt of court during a hearing in 2023. *See* doc. 1 at 9-11. Before the Court is a Motion to Proceed *In Forma Pauperis*. Docs. 2 & 6. In order to fully address that Motion, the Court must resolve Valma Green's status in this case. Having done so, the Court proceeds to screen the Complaint, pursuant to 28 U.S.C. § 1915(e)(2). For the reasons explained below, the Complaint fails to state a claim upon which relief can be granted and should, therefore, be **DISMISSED**. Doc. 1; 28 U.S.C. § 1915(e)(2)(B)(ii).

A Motion to Proceed *In Forma Pauperis* was submitted with the Complaint, doc. 2, but it was unsigned, *see* doc. 3. The Clerk notified Dennis Green of the deficiency and directed him to correct it. *Id.* In response to that Notice, both Dennis and Valma Green signed the IFP Motion. *See* doc. 6. Although the income information provided is somewhat confusing, *see* doc. 2 at 1, the application indicates no assets, *id.* at 2, and monthly expenses that appear to exceed the Green's current household income, *id.* at 4-5. The Court, therefore, **GRANTS** the Motion, to the extent that Dennis Green requests to proceed IFP. Doc. 2, in part.

Valma Green's application to proceed IFP is more complicated. Only Dennis Green signed the Complaint. *See* doc. 1 at 12. In addition to Valma Green's signing the Motion to proceed IFP, Dennis and Valma Green also sent a letter to the Clerk of Court indicating that Valma Green wished to join the Complaint as a plaintiff. *See* doc. 6 at 3. Dennis Green, as a *pro se* plaintiff, may not assert any claims on Valma Green's behalf. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (28 U.S.C. § 1654, authorizing proceeding *pro se*, "appears to provide a personal right that does not extend to the representation of the interests of others."); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930

(11th Cir. 2012) ("The right to appear *pro se* . . . is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." (citations omitted)).  Since Valma Green did not sign the Complaint, and Dennis Green cannot assert claims on her behalf, she is not a party to this case.  The Clerk is **DIRECTED** to remove Valma Green as a plaintiff on the docket.[1]  Since she is not a proper party, her request to proceed IFP is **DISMISSED** as moot.  Doc. 2, in part.

Having resolved the requests to proceed IFP, the Court proceeds to screen the Complaint.  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)."  *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Since Valma Green has not properly asserted any of her claims, the Court's analysis below does not apply to any claims she might assert.  She remains free to file a complaint asserting her own claims on her own behalf.

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The Complaint alleges that Dennis and Valma Green attended a hearing in February 2023 before the Municipal Court of Garden City, Georgia, "pertaining to a traffic infraction." *See* doc. 1 at 9-10. Municipal Court Judge Crystal Denise Harmon was presiding. *Id.* Although alleging that he was "peaceful, quiet, respectful[,]" and "non-belligerent, the Judge did not want to allow [Dennis Green] to ask about subject matter or personal jurisdiction." *Id.* at 10. Based on her dissatisfaction with the issues Dennis Green raised, Judge Harmon had both Dennis and Valma Green "locked up in the back and then arrested[,]" for "contempt." *Id.* They were then transported to "the jail." *Id.* at 9. On the trip, both "became ill," and Dennis Green became "nonresponsive." *Id.* Dennis

4

Green was transported back to the courthouse and picked up by his children and Valma Green was "process[ed] in jail." *Id.*

First, the Complaint names several individuals as defendants whose connection to the events alleged is entirely unclear. The Complaint asserts that Harmony Piatkowski, the Clerk of the Municipal Court, and Jermiah Davallou and Shane Glasco, Garden City Police officers, are defendants, but does not mention them in the factual allegations. *See* doc. 1 at 2, 9-11. In the absence of any factual allegations, the Complaint clearly fails to state any claim against any of those defendants. *See, e.g., Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and fails to state a claim (internal quotation marks and citation omitted)). The claims against those defendants should, therefore, be **DISMISSED**.

The claims against Judge Harmon, whatever their precise character, are easily resolved because she enjoys absolute judicial immunity. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349,

356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). In Georgia, municipal court judges enjoy absolute immunity. *See, e.g., Harris*, 780 F.2d at 912 (finding Georgia municipal court judge entitled to judicial immunity); *Arnold on behalf of Arnold v. City of Hampton*, 2023 WL 324913, at *15-*16 (N.D. Ga. Mar. 16, 2023) (finding Georgia municipal court judge absolutely immune from suit for money damages). *Cf. McCullough v. Finley*, 907 F.3d 1324 (11th Cir. 2018) (Alabama municipal court judges entitled to judicial immunity). Under Georgia law, municipal court judges have the authority to hold parties in contempt. *See, e.g.,* O.C.G.A. §§ 15-1-4, 15-8-6.

The Supreme Court considered the application of judicial immunity to allegations of seizure and excessive force in *Mireles v. Waco*, 502 U.S. 9 (1991). In that case, the judge-defendant, "angered by the absence of attorneys from his courtroom," ordered police officers "to forcibly and with excessive force seize and bring plaintiff[, an attorney,] into his

courtroom." 502 U.S. at 10 (internal quotation marks omitted). In response, officers allegedly seized the plaintiff "cursed him, and called him 'vulgar and offensive names,' then 'without necessity slammed' him through the doors and swinging gates into Judge Mireles' courtroom." *Id.* (record citations omitted)). "Judge Mireles, it was alleged, 'knowingly and deliberately approved and ratified each of the aforedescribed acts' . . . ." *Id.* (record citations omitted). The Court of Appeals held that "if Judge Mireles requested and authorized the use of excessive force, then he would not be acting in his judicial capacity." *Id.* at 11 (citation omitted).

The Supreme Court "summarily reverse[d]," the Court of Appeals. *Mireles*, 502 U.S. at 11. The Court explained that "[o]f course, a judge's direction to police officers to carry out a judicial order with excessive force is not a 'function normally performed by a judge.'" *Id.* at 12 (quoting *Stump*, 435 U.S. at 362). However, "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." *Id.* at 12-13 (internal quotation marks, alteration, and citation omitted). The Court concluded that because the function, *i.e.* "directing police officers

to bring counsel in a pending case before the court," was judicial in nature, immunity applied. *Id.* at 13. Moreover, the fact that the order was directed at a third party, *i.e.* the police officers, did not alter its fundamentally judicial character. *Id.* ("A judge's direction to an executive officer to bring counsel before the court is no more executive in character than a judge's issuance of a warrant for an executive to search a home." (citation omitted)). Finally, the Court concluded that it had "little trouble" in concluding that the defendant judge's actions were not "taken in the complete absence of all jurisdiction." *Id.* "If [the defendant judge] authorized and ratified the police officers' use of excessive force, he acted in excess of his authority. But such an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction." *Id.*

The Court's opinion in *Mireles* precludes all of Green's claims against Judge Harmon. Given the Complaint's clear allegation that whatever actions Harmon allegedly took, including the seizure and resulting detention, were "in the very aid of the judge's jurisdiction over a matter before [her]," those actions were judicial in nature and not taken in the absence of jurisdiction. *Mireles*, 520 U.S. at 13. The fact that

8

Green was a party to the proceeding and the plaintiff in *Mireles* was an attorney does not alter the analysis. *See, e.g., Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017) ("Judges have an obligation to maintain control over the courthouse and over the conduct of persons in the courthouse; the issuance of an order removing persons from the courthouse in the interest of maintain such control is an ordinary function performed by judges . . . ."). *Cf. Martin v. Hendren*, 127 F.3d 720, 722 (8th Cir. 1997) ("Because judges frequently encounter disruptive individuals in their courtrooms, exposing . . . court security officers to potential liability for acting on a judge's courtroom orders could breed a dangerous, even fatal hesitation."). Even assuming, as the Complaint alleges, Judge Harmon's actions "abused her authority and powers," those actions were not "in the clear absence of all jurisdiction." Given that the only facts alleged in Green's Complaint relate to actions clearly taken in Harmon's judicial capacity, and not in the clear absence of jurisdiction, she enjoys immunity against those claims and they should be **DISMISSED**.

Green's claim against the City of Garden City, Georgia is also fatally flawed. As the Eleventh Circuit has explained, "[m]unicipal

liability under § 1983 is incurred only where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Teagan v. City of McDonough*, 949 F.3d 670, 675 (11th Cir. 2020) (internal quotation marks and citations omitted). The Court concluded that, under Georgia law, a municipality does not have control over a "municipal court with respect to the adjudication of . . . [a] state-law misdemeanor traffic offense." *Id.* at 678; *see also Teagan v. City of McDonough, Ga.*, 856 F. App'x 815, 818 (11th Cir. 2021) ("Under Georgia law and our precedent, [a municipal court judge] acted on behalf of the State of Georgia when he presided over [plaintiff's misdemeanor traffic case]"). Courts have held that *Teagan*'s holding bars claims against municipalities that "derive from decisions taken by the . . . Municipal Court." *Arnold on behalf of Arnold*, 2023 WL 3243913, at *13. Green's claim against the City of Garden City should, therefore, be **DISMISSED**.

Since all of Green's claims fail, his Complaint should be **DISMISSED**. Doc. 1. Although *pro se* parties are often entitled to an opportunity to amend their complaints before dismissal, Green's claims

do not appear amendable.[2] *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[2] Although the Court discerns no viable claim arising from the facts alleged, Green remains free to submit an amended complaint within the fourteen-day objections period, discussed below, if he wishes to expand his allegations. Green is advised that, if he submits an Amended Complaint, it will supersede his original pleading and, therefore, must be complete in itself. *See, e.g., Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir 1982). To the extent that Valma Green believes she can assert any claims arising from the events at issue, she remains free to submit a Complaint on her own behalf.

11

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA